IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>CHEMTOOL INCORPORATED<br><br>        Defendants,<br><br>And<br><br>CHEMTOOL INCORPORATED<br><br>Counterclaim Plaintiff,<br><br>        v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>Counterclaim Defendant | Case No.: 1:21-cv-09087 LGS<br><br>~~[PROPOSED]~~ **AGREED PROTECTIVE ORDER** |

Plaintiff, Nautilus Insurance Company, and Defendant, Chemtool Incorporated (hereafter referred to individually as a "Party" and together as the "Parties") hereby stipulate and agree to the entry of this Protective Order

IT IS HEREBY ORDERED THAT:

1. **Confidential Information.** As used herein, "Confidential Information" shall mean any information or material designated by a Party as Confidential that is not otherwise available to the public and that, in the reasonable and good faith belief of the Party producing the information, reveals confidential, proprietary, financial, trade secret, or otherwise competitively sensitive information of that Party, which justice requires be protected from disclosure, whether contained in a document, discovery response, testimony or any other form or medium, including all copies, summaries or descriptions of such information or material.

2. **Mass, Indiscriminate, or Routinized Designations Prohibited.** No Party may make designations that are clearly unjustified or that have been made for an improper purpose

(e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expense and burden on other Parties).

3. **Application to Information Exchanged.** The information designated as confidential ("Confidential Information") shall, without more, be subject to the provisions of this Order, and all such material shall be protected, used, handled and disposed of strictly in accordance with the provisions of this Order.

4. **Designation.** In the production of documents, responses to discovery or other information, Confidential Information may be designated by marking each document or other item in which Confidential Information is contained. Such marking may be in substantially the following form: "CONFIDENTIAL." The foregoing designation may be applied by any suitable means to the document or electronic/magnetic media containing the digital file or copy. Deposition testimony may be designated Confidential Information by: (1) stating on the record during the deposition that the testimony is Confidential Information pursuant to the terms of this Order; or (2) within fourteen (14) days of receipt of the deposition transcript, serving a Notice of Designation on the other Party designating some or all of the transcript as confidential. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was not made on the record of the deposition, unless otherwise ordered by the Court.

5. **Application To Third-Party Document Productions.** Any third party providing documents or information in connection with this matter may designate such documents or information as Confidential Information to the same extent as any Party hereto.

6. **Access To Confidential Information.** Access to Confidential Information shall be limited to the following persons ("Confidential Approved Persons"):

(a) The Court and its staff;

(b) Court reporters (including videographers) at depositions, hearings or other proceedings in this matter;

(c) The Parties' outside attorneys, including paralegals and secretarial, office and legal assistant personnel of such attorneys as reasonably necessary;

(d) Copy services used by the Parties for purposes of this matter;

(e) Third-party consulting or testifying experts engaged by the Parties' attorneys to assist them in connection with this matter, including their employees and staff as reasonably necessary, and who have signed a document in the form of Exhibit A attached hereto;

(f) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(h) Any mediators or arbitrators chosen by or for the parties in this action;

(i) The Parties to this matter, including their respective managers, managing members, officers, directors or employees; and

(j) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. Such consent shall not be unreasonably withheld.

7. **Use Of Confidential Information.** Approved Persons having access to Confidential Information may use such information only in connection with this matter and shall not disclose such information to any person who is not authorized to receive such information pursuant to this Order. Confidential Information shall not be used or disclosed by any Party, or by any person granted access thereto under this Order, for any business, commercial, personal, or

3

competitive purpose or for any purpose other than the preparation, hearing and confirmation or appeal of this matter.

If any Party files, in this action, any document, including any pleading, deposition transcript, exhibit, discovery response, or memorandum, that contains, in whole or in part, Confidential Information, the filing Party shall file a motion to submit such Confidential Information under seal pursuant to the procedures for doing so set forth in Section I.D. 3 of the Individual Rules and Procedures for Civil Cases of the Hon. Lorna G. Schofield, United States District Judge.

8. **Use Of Documents From Other Sources.**  The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) was, is or becomes public knowledge in a manner other than by violation of this Order; and/or (b) is acquired on a non-confidential basis by a Party from a third party having the right to publicly disclose such information or material.

9. **Responses To Subpoenas Or Court Orders.**  Parties or Approved Persons may disclose Confidential Information in response to a subpoena or order of a court or other governmental entity, but not prior to the return date or date of production specified in the subpoena or order.  Before disclosing such information, the Party or Approved Person receiving such a subpoena or order shall give written notice thereof to the producing Party in time to give them a reasonable opportunity to object to the disclosure.

10. **Disclosure To Approved Persons.**  Any person described in paragraph 6(e) having access to Confidential Information shall be informed of this Order and shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A hereto (which shall be

maintained by the Party's attorneys of record) prior to being shown information designated as Confidential Information.

11.  **Secure Maintenance Of Information.**  All Confidential Information shall be maintained in a secure manner with reasonable measures being taken by the Party with custody of such Information to ensure the security of such Information in accordance with the terms of this Order.

12.  **Notice Of Unauthorized Disclosure.**  If a Party or its counsel becomes aware that disclosure of Confidential Information has been made to anyone other than an Approved Person, such Party (or its counsel) shall immediately inform counsel for the other Party of the nature and circumstances of such disclosure, and shall promptly take all reasonable measures to prevent further unauthorized disclosure of the Information.

13.  **Disposition Of Information After Resolution Of This Matter.**  Upon the final non-appealable conclusion of this matter, including any subsequent appeal, confirmation proceeding or other litigation related thereto, all Confidential Information, including all paper and electronic copies thereof shall be either:  (a) destroyed; or (b) returned within sixty (60) calendar days of such conclusion.  However, counsel may retain attorney work product and one set of any and all pleadings, correspondence, documents, transcripts and discovery responses that contain Confidential Information.  Such retained information shall remain subject to the terms of this Order.  However, the Parties will be required to return all trade secrets to the producing Party and may not retain copies for their records.

14.  **Right To Object To Discovery/No Waiver.**  This Order shall be without prejudice to the right of any Party to challenge the propriety of discovery on other grounds or to object to the admissibility at trial of any evidentiary material.  Nothing in this Order shall be construed as a

waiver of any applicable privilege, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Nothing in this Order shall be construed to require production of documents because such documents may be designated Confidential Information.

15. **Inadvertent Production.**  The inadvertent production of any documents, responses, testimony or other information that a Party later claims in good faith should not have been produced because of any applicable privilege, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other applicable privilege ("Inadvertently Produced Privileged Material"), shall not be deemed to be a waiver of such privilege.  If a Party makes a claim of inadvertent production, then the other Party shall promptly:  (a) return all hard copies, and delete or destroy all electronic copies, of the Inadvertently Produced Privileged Material; and (b) certify compliance with this provision in writing.  No Party shall use any of the information contained in the Inadvertently Produced Privileged Material for any purpose other than in connection with a filing challenging the claim of privilege in this matter.  Any such filing shall not assert the facts and circumstances surrounding the inadvertent production as a basis to challenge the claim of privilege.

16. **Challenges By A Party To A Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    (a)    <u>Meet and Confer</u>. A party challenging a designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party identify with particularity the documents challenged and must give the designating party an opportunity to review the

designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) **Judicial Intervention**. A party that elects to challenge a designation may seek the assistance of the Court pursuant to the Local Rules and the Individual Rules and Procedures for Civil Cases of the Hon. Lorna G. Schofield, United States District Judge. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

17. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall comply with the Local Rules and the Individual Rules and Procedures for Civil Cases of the Hon. Lorna G. Schofield, United States District Judge. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

18. **Survival.** Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this matter between the Parties.

19. **No Modification Of This Order.** No part of the terms, conditions or limitations imposed by this Order may be modified or terminated except by: (a) written stipulation executed by counsel of record for each Party hereto; and/or (b) order of the Court.

20. **Court Retains Discretion.** The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

So Ordered.

Dated: May 17, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**Date:** _____

                                        **Entered by:**

                                        _____

                                                    **Judge**

Entry of the foregoing order is agreed to:

| Attorneys for Plaintiff Nautilus Insurance Company | Attorneys for Defendant Chemtool Incorporated |
|---|---|
| By: /s/Daniel J. Cunningham<br>Daniel J. Cunningham (Admitted Pro Hac Vice)<br>TRESSLER LLP<br>233 S. Wacker Dr., 61st Floor<br>Chicago, IL 60606<br>Telephone: (312) 627-4000<br>Facsimile:(312)627-1717<br>Email:  dcunningham@tresslerllp.com<br><br>Katherine E. Tammaro (KT1289)<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER<br>200 Campus Drive., Suite 400<br>Florham Park, NJ 07932<br>Telephone:  (973) 735-6134<br>Facsimile: (973) 624-0808<br>Email:  katherine.tammaro@wilsonelser.com | By: /s/Win Gault<br>Win Gault, Esq.<br>James L. Banks, IV, Esq<br>FORMAN, WATKINS & KRUTZ LLP<br>210 East Capitol Street<br>Jackson, MS 39201<br>Telephone: (601) 960-8631<br>Facsimile: 9601) 960-8613<br>Email:  win.gault@formanwatkins.com<br>Email:  jake.banks@formanwatkins.com<br><br>Jeffrey J. Lauderdale<br>THE LUBRIZOL CORPORATION<br>29400 Lakeland Boulevard<br>Wickliffe, OH 44092<br>Telephone:  (440) 347-5753<br>Facsimile:  (440) 347-2828<br>Email:  jeffrey.lauderdale@lubrizol.com |

# EXHIBIT A
## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CHEMTOOL INCORPORATED<br><br>　　　　　Defendants,<br> And<br>CHEMTOOL INCORPORATED<br>Counterclaim Plaintiff,<br><br>　　　　　v.<br><br>NAUTILUS INSURANCE COMPANY,<br>Counterclaim Defendant | Case No.: 1:21-cv-09087 LGS<br><br>ACKNOWLEDGEMENT OF PROTECTIVE ORDER |

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order entered in the above-captioned matter, understands the terms thereof and agrees to be bound thereby.

_____
Signed Name

_____
Printed Name

_____
Date